127 So.2d 143 (1961)
Ruth R. COHEN and Herman M. Berk, as Co-Executors of the Last Will and Testament of William Rothman, deceased; Ruth R. Cohen, Goldie Fischbach, Frances Rothman, and Dora Dodge, Appellants,
v.
Rose ROTHMAN, Milton M. Ferrell and Harold Young, Appellees.
No. 60-64.
District Court of Appeal of Florida. Third District.
February 16, 1961.
Rehearing Denied March 10, 1961.
*144 L.J. Cushman, for appellants.
Milton M. Ferrell and J.M. Flowers, for appellees.
HALL, W. TROY, Jr., Associate Judge.
This case is before this court on an appeal from a summary final decree in the Circuit Court for Dade County in favor of the widow, Rose Rothman, Milton M. Ferrell, and Harold Young, defendants in the court below and now appellees in this court.
Appellants and appellees, through their able attorneys, have, in their briefs, invited the court's attention to several points of law in this case; however, it appears that the case turns on one paramount point of law, and the other points become moot questions as far as this particular case is concerned.
Briefly, the record reveals that, during January of 1954, one William Rothman, a widower and the father of four grown daughters, and one Rose Holzman, in contemplation of marriage, entered into a certain ante-nuptial contract which provided, among other things, that, after the proposed marriage, the wife would receive a cash payment of $5,000 upon the decease of the husband, rather than and instead of and in lieu of any interest in and to the property or possessions of the husband  provided, "* * * however, in any event, such sum shall be paid not later than six (6) months after the death of the Party of the First Part * * *." In due course William Rothman and Rose Holzman were married and on May 6, 1954, the said William Rothman published his Last Will and Testament, by which he, in conformity with the ante-nuptial agreement, bequeathed Rose Holzman Rothman the agreed-upon $5,000, and in which he specified: "* * That all of the obligations of which I undertook by virtue of that ante-nuptial agreement that I heretofore entered into with my wife, Rose, under the date of January 19, 1954, be carried out to the fullest extent by my Executors, hereinafter named, before any distribution is made to my children hereinafter named, as will be more fully hereinafter set forth." (Emphasis supplied.)
*145 William Rothman died on November 7, 1956. His aforesaid Will was admitted to probate in the County Judges' Court in and for Dade County, Florida, on November 15, 1956.
On November 23, 1956, one of the co-executors wrote the widow, Rose Rothman, what purported to be an offer to pay her $5,000. The purported offer stated, among other things:
"* * * Please be advised that I, as one of the Co-Executors, am able and willing to pay you the $5,000 due you pursuant to the terms of said agreement, provided you do the following: (Emphasis supplied)
"1. That you forthwith deliver to the undersigned all of the assets, including but not limited to his jewelry, in your possession that belonged to the decedent, William Rothman, at the time of his death on November 7, 1956.
"2. I understand that you collected certain rentals that belonged to William Rothman that were paid by the tenants occupying apartments at 930-50  9th Street, Miami Beach, Florida, during his terminal illness and request and demand is made that you deliver to the undersigned all of the monies that you collected during said period, as well as since his death to the present time, and give me an accounting thereof. If you have laid out any sums for and in his behalf, please advise me of such amounts and the people to whom you made such payments and for what the payments were made and bring to me cancelled checks or receipts therefor so that I can make an appropriate adjustment with you.
"3. Request is made that you vacate from the premises in the property 930-9th Street, Miami Beach, Florida, that you now occupy, no later than December 7th, 1956, or else enter into a written lease agreement with the undersigned for a rental to be agreed upon between us for the use and occupancy of said premises, as well as for a period of time that is mutually agreeable to both of us."
The widow made no reply and did not comply with the requirements prescribed by the co-executor in his letter of November 23, 1956.
More than six months elapsed after the death of William Rothman and the widow Rose Rothman did not receive the payment of $5,000 provided for in both the ante-nuptial agreement and the last will and testament of William Rothman.
Prior to the death of William Rothman, he and his wife Rose lived together as husband and wife in a 12-unit apartment house owned by him in the City of Miami Beach, Dade County, Florida. After his death the widow, Rose Rothman, continued to occupy the premises.
Upon the death of William Rothman, his co-executors filed a petition in the County Judges' Court in and for Dade County, Florida, Probate No. 39384-A, whereby they sought to require the widow, Rose Rothman, to surrender possession of said apartment premises. The co-executors ultimately failed in said proceedings initiated in the County Judges' Court and it now appears that the success or failure of their case depends upon the decision to be made in this court as to whether the circuit judge, in other proceedings instituted by plaintiffs, erred in granting a summary final decree in favor of the widow Rothman, et al., defendants below and appellees herein, which case came to the circuit court on amended complaint in chancery, filed October 28, 1959, by the co-executors against Rose Rothman, et al., in which complaint plaintiffs prayed for, among other things, a decree requiring the defendant, Rose Rothman, to surrender possession of the aforesaid apartment house property occupied by her.
The matter came on for hearing before the circuit judge upon the motion of the plaintiffs for a summary final decree, upon motion of the defendants for a summary final decree, upon the affidavits supporting said motions, respectively, and upon allegations of the second amended complaint not *146 inconsistent with the findings set forth in the summary final decree; therefrom, the circuit judge found the following:
"1. On January 19, 1954, William Rothman, deceased, entered into an ante-nuptial agreement with the defendant, Rose Rothman, whose name was then Rose Holzman. A copy of said agreement is made a part of the second amended complaint. In and by said agreement, the defendant, Rose Rothman, agreed to receive and accept from the estate of said William Rothman, after his death, or, from a special fund provided by William Rothman, the sum of Five Thousand and no/100 ($5,000.00) Dollars, payable from said estate or from said specially provided fund, in place, instead, and in lieu of all rights, which, as a widow, she might otherwise have, either as dower in real estate of the said William Rothman, deceased, or as a distributive share of the personal property of said deceased, or otherwise, as the case may be, under any statutes or law then or thereafter in force and effect controlling such: the parties to said ante-nuptial agreement further agreed therein that said Five Thousand and no/100 ($5,000.00) Dollars should be paid by the estate of said deceased as promptly after his death as shall be possible and practicable and not later than six (6) months after his death in any event; and said parties further agreed in said ante-nuptial agreement that said Five Thousand and no/100 ($5,000.00) Dollars would be accepted under the terms of said agreement as full payment for said rights of said defendant, Rose Rothman, as a widow, and that the said ante-nuptial agreement itself should constitute a relinquishment of said rights upon the payment of said sum of Five Thousand and no/100 ($5,000.00) Dollars.
"2. Subsequent to said ante-nuptial agreement, the parties thereto were married and established their homestead upon real property the fee simple title of which was vested in the said William Rothman prior to said marriage and at the time of his death. Said real property constituted the homestead of said William Rothman, deceased, at the time of his death, and the defendant, Rose Rothman, is now in actual possession of said real property.
"3. The said William Rothman did not provide a special fund for the payment of said Five Thousand and no/100 ($5,000.00) Dollars, at any time.
"4. The plaintiffs, Ruth R. Cohen and Herman M. Berk, are Co-Executors of the Last Will and Testament of said William Rothman, deceased, and his estate is being probated in Dade County, Florida. The assets of the estate of said deceased, exclusive of the said homestead in the possession of said defendant, Rose Rothman, have not at any time contained therein the sum of Five Thousand and no/100 ($5,000.00) Dollars, or been of sufficient value to obtain Five Thousand and no/100 ($5,000.00) Dollars with which to pay said sum to said defendant, Rose Rothman, under the terms of said ante-nuptial agreement.
"5. The plaintiffs have not at any time paid to the defendant Rose Rothman, the sum of Five Thousand and no/100 ($5,000.00) Dollars, for the relinquishment of her rights in said homestead property now in her possession, although more than three (3) years has now elapsed since the death of William Rothman.
"6. The plaintiffs have never at any time made a legal tender of the sum of Five Thousand and no/100 ($5,000.00) Dollars to the defendant, Rose Rothman.
"7. The Deceased, William Rothman, rendered it impossible to pay said *147 sum of Five Thousand and no/100 ($5,000.00) Dollars to said defendant, Rose Rothman, by failing to provide a special fund for that purpose as contemplated in said ante-nuptial agreement, and by failing to have assets in his estate after his death sufficient to pay said sum.
"8. The payment of said sum of Five Thousand and no/100 ($5,000.00) Dollars to the defendant, Rose Rothman, within six (6) months after the death of said William Rothman, was a condition precedent to said ante-nuptial agreement operating as a relinquishment of the rights of the said Rose Rothman in said homestead property, as was provided therein."
And thereupon did, on January 7, 1960, order, adjudge and decree as follows:
"1. That the motion of the plaintiffs for a summary final decree be, and the same is hereby denied
"2. That the motion of the defendant, Rose Rothman, for a summary final decree be, and the same is hereby granted; and that the second amended complaint be, and the same is hereby dismissed with prejudice."
A review of the record reveals no error by the chancellor of the circuit court in his findings of fact. The provision of the ante-nuptial agreement, which provided "* * * however, in any event, such sum shall be paid not later than six (6) months after the death of the party of the First Part * * *" was a condition precedent to any obligation on the part of the widow to comply with the obligation of her agreement contained in said ante-nuptial contract.
The condition precedent has been defined as one which calls for the performance of some act, or the happening of some event after a contract is entered into, upon the performance or happening of which its obligation to perform is made to depend. 7 Fla.Jur., Contracts, § 104, page 172.
"It is an elementary rule that there must be at least a substantial performance of conditions precedent in order to authorize a recovery as for performance of a contract. In no case can repudiation of the contract by one party be held equivalent to performance, or a legal excuse for non-performance, by the other party, of conditions precedent, so as to authorize recovery as for performance of such conditions precedent." 7 Fla.Jur., Contracts, § 130, page 197.
This court finds that the letter written by appellants to the Widow Rothman was not a substantial compliance (if it could be considered in compliance whatsoever) of the condition precedent for the payment of the $5,000 within not less than six months as required by the ante-nuptial contract.
Accordingly, the summary final decree in favor of the appellees is affirmed.
Affirmed.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.