PER CURIAM.
Appellants, defendants in the trial court, appeal an adverse final judgment awarding plaintiff its escrow deposit of $25,000.
In June 1971, plaintiff General Health Services, Inc., appellee herein, entered into a written contract with the appellants, Maxwell and Reva Dauer, to purchase from them certain land for the purpose of constructing a 172 bed hospital. Pursuant thereto, plaintiff deposited $25,000 which was to be held in escrow in the First National Bank of Hialeah. This purchase and sale agreement was amended on July 2, 1971 to provide, inter alia:
* * * * *
“2. That within 30 days from date hereof the Sellers will furnish Purchaser with preliminary plans and specifications and a soil test. The same shall be subject to Purchaser’s approval. Said preliminary plans and specifications shall be in sufficient detail to enable Purchaser to:
“(a) Obtain a commitment from an institutional lender for a construction loan satisfactory to Purchaser;
“(b) To enable Purchaser within a reasonable degree of accuracy to estimate the cost of construction of the hospital; and
“(c) To obtain tentative approval of all governmental agencies having jurisdiction in the premises.”
‡ He ‡ % ‡ 4s
At meetings held on July 19 and 20, Maxwell Dauer presented two color renditions and some drawings entitled Scheme A and Scheme B to Doctor Brotman, an officer of plaintiff corporation, and to Herbert Chanen, plaintiff’s general contractor. Plaintiff-appellee found these drawings insufficient in detail to enable it to estimate the cost of construction or to obtain a commitment from an institutional lender for a construction loan. The 30 day period having elapsed and no additional plans having been submitted, plaintiff demanded return of its deposit which was refused. Thereupon, plaintiff instituted the instant action to obtain its $25,000 deposit. Defendants answered and filed a counterclaim alleging plaintiff defaulted on the contract by failing and refusing to close the transaction. After the conclusion of a non-jury trial, the trial judge determined that defendants had breached the condition precedent (set out hereinabove) and were in default and plaintiff was not in default. The judge then entered final judgment awarding plaintiff its escrow deposit of $25,000. This appeal follows.
Defendants contend on appeal that the trial court erred in finding and holding that they breached the July 2, 1971 contract by failing to perform a material condition thereunder. We cannot agree.
It is elementary that there must be at least a substantial performance of conditions precedent in order to authorize a recovery as for performance of a contract. Cohen v. Rothman, Fla.App.1961, 127 So.2d 143.
First, it is undisputed that defendants did not provide the soil tests as required.
Second, there is an overabundance of evidenice in the record to support the conclusion that the drawings furnished Dr. Brotman and Herbert Chanen merely were schematic drawings and did not contain the necessary information to estimate the cost of construction or to obtain a commitment from an institutional lender for a construction loan. Thus, we find that defendants did not perform substantially the condition precedent.
We also reject the argument of appellants that had plaintiff chosen either *458 Scheme A or B they could have prepared the contractually mandated plans and specifications and, therefore, they are excused from the breach of the condition precedent because defendants created their own obstacle to performance which they could have removed or avoided. See Metropolitan Dade County v. Babcock Company, Fla.App.1973, 287 So.2d 139; Maritime Construction Company v. Benda, Fla.App.1972, 262 So.2d 20.
Accordingly, the judgment appealed is affirmed.
Affirmed.