PER CURIAM.
Winston Churchill Ferguson appeals from a final judgment awarding Ellis Rubin Law Offices, P.A., $62,000 in an action on a written contract for legal services. For the following reasons, we reverse.
While in the Monroe County jail in Key West awaiting trial on nine felony counts, Ferguson, who was dissatisfied with his counsel of record, contacted Ellis Rubin to discuss retaining Rubin as his new attorney. Ellis Rubin visited Ferguson in jail and assured him that, while he would personally handle the case, he would send his son Mark Rubin, a 1984 law graduate, to do the “foot work” for him.
On November 29, 1985, Ferguson signed a retainer agreement with Ellis Rubin Law Offices, P.A. (ERLOPA), for a flat fee of $65,000 in exchange for representation in the pending criminal matters. Ferguson paid ERLOPA $3,000 in cash. After receiving assurances that ERLOPA, as agreed, would be handling his defense, Ferguson signed a substitution of counsel form naming The Rubin Law Center as his attorney of record replacing his initial counsel. Ferguson did not then know that The Rubin Law Center and ERLOPA were distinct professional associations.
Mark Rubin, for The Rubin Law Center, P.A., appeared at the pretrial hearings, employed the investigator, selected the jury, and visited Ferguson in jail in Key West the eve of trial to discuss the case. Mark Rubin, for The Rubin Law Center, P.A., not Ellis Rubin or ERLOPA, tried Ferguson’s case and appeared at the sentencing hearing. Mark Rubin was only one year out of law school when he tried the case.
Ferguson proffered payment of $100 and attempted to establish a payment plan; Mark Rubin rejected the check. ERLOPA and The Rubin Law Center sued Ferguson for specific performance and breach of contract.[1] Ferguson counterclaimed, asking the court to void the contract as fraudulently induced and to resolve the fee dispute on a quantum meruit basis. ERLOPA and The Rubin Law Center denied all material allegations and did not pursue any claim for quantum meruit.
Following a bench trial, the court awarded ERLOPA $62,000 plus interest and costs.[2] Because the award of damages is not supported by competent substantial evidence, we reverse.
“It is elementary that there must be at least a substantial performance of conditions precedent in order to authorize a recovery as for performance of a contract.” Daver v. General Health Svcs., Inc., 317 So.2d 456, 457 (Fla. 3d DCA 1975) (citation omitted). Here, there is no evidence that ERLOPA performed as it agreed to in the retainer agreement. The record shows that Ferguson contracted for legal services with ERLOPA. Neither ERLOPA nor Ellis Rubin ever entered an appearance for Ferguson in the criminal proceedings. There is no evidence in the record, other than testimony of Mark Rubin and Ellis Rubin, that Mark Rubin was, at the time of Ferguson’s criminal trial, an employee of ERLO-PA. In fact, Mark Rubin himself testified that ERLOPA and The Rubin Law Center were two separate professional associations. Mark Rubin further testified that there was an oral agreement between ER-LOPA and The Rubin Law Center that the two associations would divide any fees received from Ferguson.[3] However, Ferguson never agreed to pay The Rubin Law Center any fee. Simply put, ERLOPA did *82 not perform its part of the bargain, and Ferguson is thus not obligated to pay ER-LOPA.
Reversed.

. Only the claim for breach of contract was tried.

. In its final judgment, the trial court dismissed Ferguson's counterclaim.

.That agreement, entered into without Ferguson’s knowledge or consent, itself is a violation of The Code of Professional Responsibility, DR 2-107, then in effect.