795 So.2d 1118 (2001)
Diane G. GURNEY, Petitioner,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.
No. 5D00-3775.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
*1119 Steven L. Barcus, Altamonte Springs, for Petitioner.
Kimberly A. Driggers of Moriarty & Monroe, Winter Park, for Respondent.

ON MOTION FOR CERTIFICATION OF DIRECT CONFLICT AND/OR QUESTION OF GREAT PUBLIC IMPORTANCE
PALMER, J.
We grant petitioner's motion to certify conflict, withdraw our previous opinion in this case, and substitute the following in its stead. In all other respects, petitioner's motion is denied.
Diane Gurney (insured) seeks certiorari review of an appellate decision of the circuit court which held that State Farm was not precluded from contesting a bill for medical care where it failed to obtain a written report stating that such care was unnecessary or such bill was unreasonable within thirty days of its receipt of the bill. Finding no departure from the essential requirements of the law resulting in a miscarriage of justice, we deny the petition. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
The insured was injured in an automobile accident in March 1996. At that time she was covered by an insurance policy issued by State Farm which included personal injury protection (PIP) benefits. Section 627.736, Florida Statutes (1995), provides in relevant part:
627.736 Required personal injury protection benefits: exclusions; priority. 
* * *
[4](b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... However, any payment shall not be *1120 deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer.
* * *
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year.
The statute further provides that, as a condition precedent to withdrawing payment of a PIP claim submitted by a treating physician, the insurer must obtain an independent medical examination (IME) report stating that the claim is not reasonable, related, or necessary. § 627.736(7), Fla. Stat. (1995).
The insured's physician, Dr. Tall, submitted bills to State Farm for treatment he rendered to the insured allegedly relating to injuries sustained as a result of the March 1996 automobile accident. State Farm did not pay nor deny those bills within thirty days of receipt. Instead, State Farm requested additional information in letters dated 23 October 1996, 4 December 1996, and 28 January 1997. When no reply from the insured or Dr. Tall was received, State Farm sought an IME. The IME was performed on 19 February 1997. Based on the IME report, State Farm discontinued payment of the insured's orthopedic benefits on 17 March 1997.
The insured filed suit in the county court seeking payment of her outstanding medical bills. A jury trial was held in the county court. At the close of all evidence, the trial court granted a partial directed verdict in favor of the insured as to the bills which were received more than thirty days before State Farm received the IME report. The jury thereafter found that none of the insured's medical bills, including those which were subject to the trial court's partial directed verdict, were related to injuries sustained by the insured as a result of the automobile accident. However, the trial court denied State Farm's motion to enter judgment in accordance with the jury's verdict and instead entered a final judgment in favor of the insured for the medical bills received by State Farm thirty days or more prior to the date of the IME. The county court relied on United Auto. Ins. Co. v. Viles, 726 So.2d 320 (Fla. 3d DCA 1998), rev. denied, 735 So.2d 1289 (Fla.1999) to support its conclusion that State Farm could not deny PIP benefits without first obtaining a negative IME.
On appeal, the circuit court reversed the county court's final judgment, citing to Jones v. State Farm Mut. Auto. Ins. Co., 694 So.2d 165 (Fla. 5th DCA 1997) and AIU Ins. Co. v. Daidone, 760 So.2d 1110 (Fla. 4th DCA 2000). The circuit court panel interpreted section 627.736(4)(b), Florida Statutes (1995), to mean that, if PIP benefits are payable then they are due within thirty days of the date the bills are received, and if they are not paid or contested within that thirty-day time period then the insurer is liable for paying ten percent interest when the bill is paid. However, the failure to pay within that thirty-day time period does not deprive the insurer of the right to contest payment. We agree with this ruling while acknowledging that a split of opinion exists in Florida on this issue.
In Perez v. State Farm Fire and Cas. Co., 746 So.2d 1123 (Fla. 3d DCA 1999), rev. granted sub nom. United Auto. Ins. Co. v. Rodriguez, 767 So.2d 464 (Fla.2000), the Third District held that section 627.736(4)(b), requires the insurer to obtain, within thirty days, a medical report providing "reasonable proof" that the insurer is not responsible for payment. When the insurer fails to do so, the insurer must promptly pay the claims plus accrued interest. In AIU Ins. Co. v. Daidone, 760 *1121 So.2d 1110 (Fla. 4th DCA 2000), the Fourth District certified conflict with Perez and held that the statutory thirty day time period for payment of PIP benefits applies only to bills for treatment which are reasonable and necessarily incurred as a result of the accident. Id. at 1111. The court reasoned that if benefits are payable, they are due within thirty days after notice, and that if the insurer refuses to pay the bill within thirty days and does not ultimately establish that it is not responsible, then the insurer is liable for ten percent interest on the bill. However, failing to obtain proof that it is not responsible for payment within thirty days does not deprive the insurer of its right to contest payment. In so ruling, the court cited its agreement with Jones v. State Farm Mut. Auto. Ins. Co., 694 So.2d 165 (Fla. 5th DCA 1997).
In Jones, the insured sent State Farm a bill for knee surgery claiming coverage under his PIP benefits. In response, State Farm scheduled the insured for an IME about six weeks later. The insured filed suit against State Farm seeking payment of his medical bill and he refused to attend the IME. The trial court granted summary judgment in favor of State Farm concluding that the insured's failure to appear at the IME relieved State Farm of its duty to pay his medical bills. We reversed, finding issues of material fact existed in the record. This court noted that, if State Farm failed to present "reasonable proof" to establish that it was not financially responsible for the insured's medical bill, it could be exposed to the statutory penalty attendant to an overdue claim. However, we further stated that State Farm had not lost its right to contest the validity of the claim for benefits nor was the insured relieved from his obligation to submit to an IME. See also Allstate Ins. Co. v. Schall, 778 So.2d 317 (Fla. 4th DCA 2001).
Here, the jury ultimately determined that no PIP benefits were due the insured under her State Farm policy. Therefore, under Daidone and Jones, State Farm is not subject to paying any statutory penalty for not responding to Dr. Tall's bills within thirty days of receipt. Notably, if the jury had determined that State Farm was liable for paying the insured PIP benefits pursuant to the terms of her policy, then State Farm would have also been liable under section 627.736(4)(c) of the Florida Statutes (1995) for a ten percent penalty for its failure to timely respond to Dr. Tall's request for payment.
In closing, we recognize and certify to the Supreme Court that our holding conflicts with the Third District Court's opinion in Perez v. State Farm Fire and Cas. Co., 746 So.2d 1123 (Fla. 3d DCA 1999), rev. granted sub nom. United Auto. Ins. Co. v. Rodriguez, 767 So.2d 464 (Fla.2000).
PETITION DENIED.
HARRIS and GRIFFIN, JJ., concur.