838 So.2d 604 (2003)
Henry JANUARY, Petitioner,
v.
STATE FARM MUTUAL INSURANCE CO., Respondent.
No. 5D02-1978.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
*605 Phares M. Heindl, of Phares M. Heindl, P.A., Altamonte Springs, for Petitioner.
Michael V. Hammond, of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Respondent.
GRIFFIN, J.
Petitioner, Henry January ["January"], seeks certiorari review of an order of the circuit court, sitting in its appellate capacity, affirming the county court's final summary judgment in favor of respondent, State Farm Mutual Insurance Co. ["State Farm"], and the order granting State Farm's motion to tax costs and attorney's fees. Although we recognize that the scope of our review of such a decision is limited, we conclude that this case is within the scope of review because the circuit court applied the wrong law in affirming the decision of the county court.
January was injured while driving a 1981 Isuzu pickup on October 17, 1998. He was insured by State Farm under an automobile policy covering a 1990 Isuzu pickup. The policy included personal injury protection benefits. State Farm paid January's claims until January 22, 1999, when it advised January in writing that there was a question regarding coverage under the policy and it was issuing a reservation of rights. Specifically, State Farm said it was questionable "whether the vehicle involved in the accident constitutes either temporary substitute, newly acquired or a non-owned automobile or car, as defined in the policy or trailer as covered in the policy." The January 22 letter concluded by saying that if State Farm did not hear from the insured to the contrary, it would assume it was acceptable to continue handling the claim on terms of the reservation.[1]
State Farm did not, however, pay January's medical bills submitted on January 2, *606 1999. On March 9, 1999, State Farm, now through counsel, wrote a letter scheduling an examination under oath on March 23, 1999. The policy in question provides that a person making a claim shall answer questions under oath when requested by State Farm. However, January did not attend the scheduled examination, nor did he attend a second scheduled examination, taking the position through counsel that PIP was largely controlled by statute and that the PIP statute did not contemplate statements under oath, only the discovery referenced in section 627.736(b) and (c), Florida Statutes (1999).
January's counsel did eventually give State Farm the name of the owner of the 1981 Isuzu and the name of his insurance company. State Farm then requested a copy of that owner's policy from January's counsel. When the policy was not received, a third examination under oath was scheduled. January again refused to attend this examination, instead filing suit against State Farm in county court for breach of contract for failing to pay his claims. January did appear for his deposition in the course of the lawsuit. He testified that he was not the owner of the 1981 Isuzu in which he was injured and he produced a bill of sale for the vehicle showing that he had sold it before the accident. State Farm nevertheless filed a motion for summary judgment, arguing that January's failure to appear for any of the scheduled examinations under oath was a material breach of the insurance contract and barred his recovery of PIP benefits. The county court agreed and entered summary judgment for State Farm. State Farm's motion for attorney's fees was granted.
In Amador v. United Automobile Insurance Co., 748 So.2d 307 (Fla. 3d DCA 1999), review denied, 767 So.2d 464 (Fla. 2000), more than thirty days after receiving a claim for PIP benefits, the insurer scheduled an examination under oath. Rather than attending, the insured filed a complaint for a declaratory judgment, injunctive relief and for breach of contract. The court in Amador rejected the insurer's argument that the insured could not file suit, even beyond the thirty-day period, if the insurer had requested further information. The court held that if the insurer does not pay within the statutory thirty days, the insured is free to file a lawsuit to have the claim determined on the merits.
The court in Amador emphasized that although an insurer may request information in aid of its investigation of a claim, the burden is on the insurer to authenticate the claim within the statutory period and the insurer cannot use its investigative rights to extend the thirty-day period without reasonable proof that it was not responsible for the claim. The court rejected the insurer's attempt to rely on Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300 (Fla. 4th DCA 1995), review denied, 670 So.2d 938 (Fla. 1996), and found that requesting an examination under oath after the thirty-day statutory period had expired was unreasonable, again emphasizing that the insurer has the burden to authenticate the claim within thirty days and cannot unilaterally extend that period. The court in Amador explained that, because of the special nature and protection afforded under the PIP statute, upon expiration of the thirty-day period, the insured is entitled to access to the courts to enforce its rights.
In this case, the circuit court found that the question to be resolved was whether the case was governed by Goldman, the case relied on by the county court, or by Amador, which was relied on by January. After discussing the two cases, the circuit court concluded that the county court had *607 correctly relied on Goldman and held that January was barred from recovery for failing to give the requested examination under oath. The court also held that Amador was inapplicable, because there had been no coverage issue in Amador, as there was in this case. The circuit court embraced the county court's conclusion that State Farm had had no duty to act on January's claims submitted on January 2 within thirty days because the issue raised by State Farm was one of coverage, not one of validity of the claim itself. Here is where both the county court and the circuit court made the key mistake in their application of the law.
It is clear that an insurer is not freed from the statutory time constraints of a PIP claim payment simply by raising a coverage issue. As we have repeatedly said and as the supreme court said in United Automobile Insurance Co. v. Rodriguez, 808 So.2d 82 (Fla.2001), the legislative intent of the penalty provision in section 627.736(4) is to promote resolution of PIP claims by imposing reasonable penalties on insurers who pay late. The court emphasized that "[n]othing in the statute provides that once a payment becomes overdue the insurer is forever barred from contesting the claim." Id. at 87. See also AIU Ins. Co. v. Daidone, 760 So.2d 1110 (Fla. 4th DCA 2000). The court in United Automobile cited Amador with approval for the principle that the insurer has thirty days in which to verify a claim and that time cannot be tolled and the burden is clearly on the insurer to authenticate the claim within the statutory period. The remedy for tardily paying a PIP claim subsequently determined to be due is the same whether the question raised by the insurer is coverage or any other issue.
The holding in United Automobile confirms that an insurer is not automatically obligated to pay a claim when the thirty-day period has passed. The insurer may contest the claim after the thirty days, but accepts the risk that if the insured prevails, the insurer will be liable to pay interest on the claim and the insured's attorney's fees. See also Gurney v. State Farm Mut. Auto. Ins. Co., 795 So.2d 1118 (Fla. 5th DCA 2001); Jones v. State Farm Mut. Auto. Ins. Co., 694 So.2d 165 (Fla. 5th DCA 1997)(insurer who fails to pay claim within thirty days does not lose right to contest claim, but is exposed to the statutory penalties attendant to overdue claim).
The PIP insurer is given thirty days to investigate and to either pay the claim or discover the facts that warrant a refusal to pay. If it does not do so then the claim is overdue and the statutory penalties for failing to pay the claim timely (interest and fees) are due. If the insurer fails to pay the claim, electing either to refuse the claim or to continue investigating, it is not barred from contesting the claims, but must pay the penalties once its duty to pay the claim is established. Clearly, if there is no coverage for the claim, the insurer's failure to act within thirty days is not fatal to the insurer's right to refuse the claim. In that sense, the county court was correct that the thirty-day limit is not applicable. But it is simply incorrect to conclude that where the insurer's reason for non-payment is a doubt about coverage, that the insurer is free to ignore the thirty-day claim deadline and investigate at its leisure with no limitation or consequences.
Thus, as to those claims under the policy made by January that were not paid by State Farm within thirty days, January's claim was mature and he was entitled to seek a judicial determination of his rights. See State Farm Mut. Auto. Ins. Co. v. Jenkins, 767 So.2d 622 (Fla. 4th DCA 2000). There is no arguable breach of *608 contract by him that we can identify prior to March 23 that would excuse payment of the claim and statutory penalties once coverage is established. Obviously, if there is no coverage, there is no amount due, but if there is coverage, then payment of the claim plus the statutory penalties is due. It does appear that coverage existed in this case, although we do not declare it. We only say that the trial court and the circuit court were wrong in concluding that January's subsequent refusals to be examined pursuant to State Farm's request cannot justify refusal to pay those claims.
So what is the effect of January's refusal to be examined?[2] We have no basis to gainsay the lower court's conclusion that this was a material breach of the policy and would bar recovery for any claim that was not thirty days old when the policy was breached by January's refusal to comply with State Farm's request. Certainly, by May 3, 1999, January's letter to State Farm clearly communicated his refusal to comply with the request. Whether this breach of the policy occurred as early as the March 23 non-appearance is a question that may or may not matter and may or may not require judicial determination based on the surrounding facts and circumstances.
We accordingly vacate the decision of the circuit court and remand.
PETITION GRANTED, DECISION VACATED and REMANDED.
SHARP, W., and SAWAYA, JJ., concur.
NOTES
[1] State Farm sent a second letter on February 9, 1999 questioning its obligation on the policy because:

It is questionable whether there was been compliance with the provision of the policy requiring the assistance and cooperation of the insured, by reason of allegations or evidence of:
a) The insured's refusal to give pertinent information to the Company.
b) The insured's refusal to assist in investigation.
January responded through counsel on February 22 that State Farm advise how January may have refused to cooperate with their investigative efforts, provide a copy of January's policy, referencing any policy language on which they intend to rely, and specify what information they want from January. Counsel also indicated that January intended to cooperate with State Farm "to the full extent required by your insurance policy."
[2] This rhetorical question is my homage to Judge Charles Harris, who has just retired this month from this court. There was little he enjoyed more than to ask a good question and supply the answer himself. He will be missed.