885 So.2d 881 (2004)
RACING PROPERTIES, L.P., Appellant,
v.
L.T. BALDWIN, III, Appellee.
No. 3D03-2578.
District Court of Appeal of Florida, Third District.
August 25, 2004.
Rehearing Denied and Rehearing November 17, 2004.
*882 Kluger, Peretz, Kaplan & Berlin, and Alan Kluger, and Jason S. Oletsky, Miami, for appellant.
Johnson & Bell, and Joseph R. Marconi; Zumpano Patricios & Winker, Miami, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
Rehearing Denied and Rehearing En Banc November 17, 2004.
RAMIREZ, J.
Racing Properties, L.P. appeals the entry of an order in which the trial court granted appellee L.T. Baldwin, III's motion to enforce the parties' mediated settlement agreement. Baldwin cross-appeals the trial court's ruling that the default interest under the terms of the parties' underlying agreement stopped accruing the day in which funds were escrowed. We reverse because there is no enforceable contract upon which a mediated settlement agreement could be enforced, and thus dismiss the cross-appeal.
Baldwin loaned Racing Properties the sum of $3.2 million. When Racing Properties defaulted on the loan, Baldwin filed a lis pendens. Racing Properties then sued Baldwin to quiet title and Baldwin counterclaimed for an equitable mortgage.
At the subsequent mediation, the parties reached an "agreement in principle." For the agreement in principle to take effect, a number of conditions had to be satisfied. One of these conditions required certain documentation to be completed by May 10, 2001. The parties understood that time was of the essence. Baldwin in turn agreed to cancel the lis pendens and dismiss the litigation. The trial court eventually discharged the lis pendens.
Between May 9 and September 28, 2001, Baldwin attempted to renegotiate the terms of the agreement in principle. Baldwin, for example, requested additional collateral not provided for in the agreement in principle. He also attempted to continue the litigation which he had agreed to dismiss. Indeed, Baldwin appealed the discharge of the lis pendens. This Court denied the appeal.[1]
On September 28, 2001, Baldwin moved to enforce the agreement in principle. The trial court's order that granted Baldwin's motion to enforce now forms the basis of this appeal.
We find that the agreement in principle was executory in nature and did not become effective when key aspects of the agreement were not complied with. Under well established contract law, a condition precedent is a condition which calls for the performance of an act after a contract *883 is entered into, upon the performance or happening of which its obligation to perform is made to depend. See Cohen v. Rothman, 127 So.2d 143, 147 (Fla. 3d DCA 1961). It is elementary that there must be at least a substantial performance of conditions precedent in order to authorize a recovery as for performance of a contract. Id. Furthermore, the alteration of one of the material terms of a contract constitutes a counter-offer and rejection of said contract. See Padron v. Plantada, 632 So.2d 113, 114 (Fla. 3d DCA 1994).
Under the facts before us, the agreement in principle did not become binding because one of the express conditions precedent was not met. Paragraph 4 of the agreement in principle states: "[t]he documentation shall be completed by May 10, 2001." On May 9, 2001, Racing Properties transmitted the required documentation to Baldwin. Baldwin was to complete the required documentation by the next day. Baldwin did not complete the required documents prior to the agreed upon deadline of May 10. Racing Properties thereafter granted Baldwin an extension until May 17, 2001, within which Baldwin could comply. Baldwin again failed to comply. To ignore one term of the agreement, but uphold the others, would be tantamount to the creation of a new contract. We thus agree with Racing Properties that Baldwin's failure to timely complete the required documents nullified the enforceability of the contract.
Additionally, Baldwin's request for additional collateral constituted a counter-offer, notwithstanding the fact that it was withdrawn upon objection. Baldwin's very own appellate brief notes that collateral is one of the material terms of a loan agreement. Indeed, it is based on the notion that all material terms of the agreement are present and that collateral is one of the material terms that Baldwin seeks to enforce the agreement in principle. It is evident that Baldwin wants to have it both waysBaldwin wants an enforceable contract, but also wants a contract that evolves on a regular basis. This is simply not possible. It is not possible legally and it is not possible according to the very terms of the agreement in principle.
We next turn to another issue raised on appeal related to the intervention of Jerome Grigoli in the underlying litigation. We find that the trial court improperly allowed Grigoli to intervene. Grigoli alleged that he had entered into a secret verbal deal with Racing Properties, which entitled him to ten percent interest in Racing Properties, as well as other entities and individuals. Grigoli later admitted that his claims were "quite dissimilar" to the claims in the underlying litigation between Baldwin and Racing Properties.
A trial court's decision to allow an intervention shall not be disturbed without a showing of abuse of discretion. See Fasig v. Florida Society of Pathologists, 769 So.2d 1151, 1153 (Fla. 5th DCA 2000). However, the interest which entitles a person to intervention must be shown to be direct and immediatethe intervenor must show a gain or loss by the direct legal operation and effect of the judgment. See Faircloth v. Mr. Boston Distiller Corp., 245 So.2d 240 (Fla.1970); Schindler v. Schiavo, 866 So.2d 140, 141 (Fla. 2d DCA 2004).
An intervention is thus only appropriate where the issues the intervenor raises are related to the case being litigated. The intervenor in this case admitted that his claims were "quite dissimilar" from the claims in the underlying case. His claims therefore have no bearing on the underlying litigation. As such, the trial court abused its discretion in its decision to allow Grigoli's intervention.
*884 We therefore reverse the trial court's order enforcing the mediated settlement agreement. In addition, we dismiss Baldwin's cross-appeal, finding no need to address the issues raised.
NOTES
[1] See Baldwin v. Racing Properties, L.P., 792 So.2d 463 (Fla. 3d DCA 2001).