THOMPSON, J.,
dissenting.
I respectfully dissent. I would grant the writ of certiorari, quash the order of the circuit court, and reinstate the summary judgment. Petitioner, State Farm Mutual Automobile Insurance Company (“State Farm”), petitions this court for a writ of certiorari quashing the order of the Seminole County Circuit Court sitting in its appellate capacity. The circuit court reversed a summary judgment entered by the county court in favor of State Farm. The circuit court ruled that section 627.736, Florida Statutes (2001), authorizes recovery of attorney’s fees and interest for a contested claim that was brought after the petitioner had paid the personal injury protection (“PIP”) and medical policy limits on behalf of the respondent, Ronnie Wiggins (“Wiggins”). I would hold that the circuit court departed from the essential requirements of law and grant the writ. See Simon v. Progressive Express Ins. Co., 904 So.2d 449 (Fla. 4th DCA 2005).
Wiggins was injured in an automobile accident on 3 September 1999. At that time, Wiggins had been issued an insurance policy by State Farm, policy number 2637-278-59H, with the standard $10,000 in PIP benefits, as well as $5,000 in medical payments benefits. Wiggins sought chiropractic treatment at the Complete Wellness Medical Center of Deland (“Complete Wellness”).
Wiggins began submitting medical bills for reimbursement under the policy on 8 September 1999, and those bills were paid. On 18 December 2001, at State Farm’s request, Wiggins underwent an independent medical examination (“IME”) performed by Dr. Lester Levine, D.C. After the IME, Dr. Levine opined that all future chiropractic care performed on Wiggins would not be reasonable, necessary, or related to the subject accident. Thereafter, State Farm notified Wiggins that it would not pay for any future chiropractic care or chiropractic expenses after 18 January 2002. Wiggins brought suit on 7 March 2002, seeking to recover payment for services rendered by Dr. Hayman at Complete Wellness.
After the lawsuit was filed, Wiggins continued to seek medical care, and bills continued to be submitted for reimbursement. As an example, ROM Diagnostics, All Family Clinic of Daytona Beach, and MCM Supply, all providers for Wiggins, submitted claims for reimbursement for non-chiropractic care rendered to Wiggins between 1 August 2002 and 15 August *1258 2002. On 10 September 2002, benefits under the PIP and medical payment provisions of the policy were exhausted due to subsequent payment for medical care reimbursement claims arising out of services rendered to the Wiggins after this litigation commenced. Specifically, State Farm previously paid a prescription bill submitted on 25 April 2002, as well as claims for non-chiropractic services rendered to Wiggins between 6 August 2002 and 15 August 2002. The medical expenses were paid within 30 days of the claim being submitted. The prescription bill was paid later than 30 days after submission and, therefore, interest was also paid. There is no dispute that State Farm has paid all medical bills submitted to it up to the policy limits.
State Farm served an Amended Motion for Summary Judgment on 4 November 2002, arguing that “the insured has no further interest in the insurance contract when PIP benefits are/were exhausted.” In his response to State Farm’s Motion for Summary Judgment, Wiggins stated that the only issue before the court was whether State Farm properly denied payment for services rendered by Dr. Hayman at the Complete Wellness Medical Center of Deland. Wiggins stated that summary judgment would be inappropriate because there had been “no determination as to whether State Farm breached its duty to act in good faith and deal fairly with its insured regarding the denial of payments for services rendered.” Wiggins did not dispute the fact that benefits had been exhausted, but stated that State Farm should have “reserved sufficient funds” to pay the Complete Wellness bill, because it knew that Wiggins contested State Farm’s decision not to pay the Complete Wellness bill.
The Seminole County Court granted State Farm’s amended motion for summary judgment on 31 March 2003 and entered a summary judgment in favor of State Farm on 4 December 2003.
Wiggins appealed to the circuit court, which rendered its decision on 24 February 2005, relying upon Sanders v. State Farm Mutual Automobile Insurance Co., 10 Fla. L. Weekly Supp. 789b (17th Cir. Ct. June 5, 2003). The circuit court agreed with the Seventeenth Circuit’s analysis in Sanders and reversed the county court’s summary judgment in favor of State Farm and remanded the case for a determination of whether the bills were reasonable or necessary. The circuit court ruled that:
Although Wiggins is not entitled to recover any more benefits, if the chiropractor charges are found to be reasonable, necessary and related to the motor vehicle accident, then Appellee will be liable for the statutory interest on the unpaid sums and attorney’s fees.
Certiorari is an appropriate remedy when the circuit court fails to correctly apply section 627.736, resulting in legal error that departs from clearly established law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003) (granting certiorari to quash decision holding that insured had no standing to bring action against insurer for nonpayment of PIP insurance benefits); January v. State Farm Mut. Ins. Co., 838 So.2d 604, 607 (Fla. 5th DCA 2003) (granting certiorari to quash summary dismissal of insured’s breach of contract action against insurer for its failure to pay insured’s claims arising from PIP coverage); Gurney v. State Farm Mut. Auto. Ins. Co., 795 So.2d 1118 (Fla. 5th DCA 2001) (denying certiorari to quash judgment that insurer was liable for medical bills received more than 30 days before IME favorable to insurer).
In this case, I would hold that the circuit court departed from the essential require- *1259 merits of law by not following the applicable statute, section 627.736(4), (8), and case law. We have jurisdiction and we should grant the writ. See State Farm Mut. Auto. Ins. Co. v. Miller, 865 So.2d 542 (Fla. 1st DCA 2003) (granting certiorari when the court did not correctly apply section 627.736); Ortega v. United Auto. Ins. Co., 847 So.2d 994, 997 (Fla. 3d DCA 2003) (granting certiorari when the circuit court applied incorrect law in a PIP suit).
State Farm contends that, because contracted policy benefits were exhausted, the bills are not compensable as a matter of law and allowing recovery of attorney’s fees and interest where payment on the disputed bill will not be made violates the express terms of section 627.736(4). Thus, summary judgment was appropriate because it no longer had a contractual agreement to pay additional money to Wiggins or on Wiggins’s behalf. Further, State Farm contends that, because benefits are exhausted, there is no dispute that Wiggins is not entitled to recover for payment of the Complete Wellness bill. Nor is there any dispute that Wiggins received all of the benefits promised to him under the insurance policy. In fact, Wiggins does not contend that the subsequent claims submitted to State Farm were not reasonable and necessary expenses related to the accident. It would contradict the express language of section 627.736(4), (8), and 627.428 to subject State Farm to potential statutory interest and attorney’s fees as to a noncovered claim. Why the claim is not covered is irrelevant. Because the claim can never be compensable, no interest is due at the time of “payment” since no payment will ever take place.
In January, 838 So.2d at 607, this court dealt with section 627.736(4) and discussed generally the intent of the PIP statute and attorney’s fees:
As we have repeatedly said and as the supreme court said in United Automobile Insurance Co. v. Rodriguez, 808 So.2d 82 (Fla.2001), the legislative intent of the penalty provision in section 627.736(4) is to promote resolution of PIP claims by imposing reasonable penalties on insurers who pay late. The court emphasized that “[njothing in the statute provides that once a payment becomes overdue the insurer is forever barred from contesting the claim.” Id. at 87. See also AIU Ins. Co. v. Daidone, 760 So.2d 1110 (Fla. 4th DCA 2000).
The circuit court’s decision does nothing to further the legislative intent of the penalty provision in section 627.736(4) as discussed in January, i.e., to discourage late payments by the insurer. State Farm promptly paid all benefits it was required to pay. There is nothing in the statute or in the legislative intent that requires the insurer to keep the disputed money in reserve or that allows Wiggins to recover attorney’s fees in this situation. See Mfrs. Life Ins. Co. v. Cave, 295 So.2d 103 (Fla.1974) (holding no attorney’s fees are recoverable from insurer when it acts in good faith in withholding the proceeds of the policy in the face of conflicting claims); Derius v. Allstate Indem. Co., 723 So.2d 271, 272 (Fla. 4th DCA 1998) (stating PIP “insurer is not liable for any medical expense to the extent that it is not a reasonable charge for a particular service or if the service is not necessary”).
Accordingly, I would issue the writ, quash the order of the circuit court, and reinstate the summary judgment.