# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-14
Lower Tribunal Nos. 18-269 AP; 14-24910 CC
_____

## Miracle Health Services, Inc., a/a/o Kirenia Tamayo,
Appellant,

vs.

## Progressive Select Insurance Company,
Appellee.


An Appeal from the County Court for Miami-Dade County, Gina Beovides, Judge.

Christian Carrazana, P.A., and Christian Carrazana, for appellant.

deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, and Kenneth P. Hazouri (Orlando), for appellee.


Before LOGUE, GORDO and LOBREE, JJ.

GORDO, J.

Miracle Health Services, Inc., as assignee of Kirenia Tamayo, appeals the county court's order granting final summary judgment in favor of Progressive Select Insurance Company in this personal injury protection (PIP) case. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). Miracle Health contends the trial court erred in granting summary judgment as a matter of law arguing that Tamayo's failure to comply with a statutory and contractual duty to attend an examination under oath (EUO) was not a bar to receiving PIP benefits. Based on a plain reading of the statutory and policy language, we disagree and affirm the trial court's order.

**FACTS AND PROCEDURAL HISTORY**

Kirenia Tamayo, the insured, received treatment from and assigned benefits to Miracle Health for alleged injury following an automobile accident on May 6, 2014. Miracle Health sent Progressive four sets of bills for Tamayo's treatment, which Progressive received on May 21, 2014, June 2, 2014, June 23, 2014 and July 18, 2014, respectively. On June 23, 2014, Progressive sent Tamayo a notice to appear for an EUO, scheduled on July 31, 2014. Tamayo failed to appear for the first and then a second subsequently scheduled EUO. Pursuant to the policy provision requiring the insured to submit to an EUO before receiving PIP benefits, Progressive denied payment of benefits.

2

On December 2, 2014, Miracle Health sued Progressive for breach of contract alleging Progressive failed to pay benefits for Tamayo's covered loss within thirty days of receiving each set of bills pursuant to section 627.736(4)(b), Florida Statutes (2013). Progressive answered alleging Miracle Health was not entitled to receive benefits because the insured failed to comply with the condition precedent to receiving benefits under the terms of the policy and section 627.736(6)(g), Florida Statutes (2013). Progressive filed a motion for summary judgment with accompanying affidavit establishing that Tamayo failed to appear for the scheduled EUOs. Miracle Health argued that because three sets of bills were overdue prior to the first scheduled EUO, Tamayo was discharged of her statutory and contractual duty to submit to an EUO.

Following a hearing, the trial court found it was undisputed that Tamayo failed to attend the scheduled EUOs, and the plain language of section 627.736(6)(g) makes a PIP insured's attendance at a contractually required EUO a condition precedent to receiving benefits. The trial court entered summary judgment in favor of Progressive.

**STANDARD OF REVIEW**

"We review questions of statutory interpretation and the trial court's grant of summary judgment de novo." <u>Fla. Retail Fed'n, Inc. v. City of Coral</u>

Gables, 282 So. 3d 889, 892 (Fla. 3d DCA 2019).

## LEGAL ANALYSIS

### *Condition Precedent*

The Florida Motor Vehicle No-Fault Law was amended in 2012 to create section 627.736(6)(g). Section 627.736(6)(g) provides in full that:

> An insured seeking benefits under ss. 627.730-627.7405, including an omnibus insured, **must comply with the terms of the policy, which include, but are not limited to, submitting to an examination under oath.** The scope of questioning during the examination under oath is limited to relevant information or information that could reasonably be expected to lead to relevant information. **Compliance with this paragraph is a condition precedent to receiving benefits.** An insurer that, as a general business practice as determined by the office, requests an examination under oath of an insured or an omnibus insured without a reasonable basis is subject to s. 626.9541.

(emphasis added).

This statutory language is clear and unambiguous and must be given its plain and obvious meaning. See Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984). The amendment to the PIP statute incorporates "the requirement that insureds seeking benefits under the Florida Motor Vehicle No-Fault Law 'comply with the terms of the policy, which include, but are not limited to, submitting to an examination under oath.'" Nunez v. Geico Gen. Ins. Co., 117 So. 3d 388, 397 (Fla. 2013) (citations omitted). Because the statute

4

requires that an insured "comply with the terms of the policy" as a "condition precedent to receiving benefits," we must also look to Progressive's insurance policy. The policy provided:

> **Part VI - DUTIES IN CASE OF AN ACCIDENT OR LOSS**
>
> For coverage to apply under this policy . . .
>
> A person seeking coverage must:
> . . .
> 3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath . . .

"If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written." State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 569–70 (Fla. 2011) (quoting Travelers Indem. Co. v. PCR Inc., 889 So. 2d 779, 785 (Fla. 2004)). We are bound by the plain meaning of the contract's text to interpret the policy as requiring an insured seeking coverage to submit to an EUO.

We must assume that the Legislature intended the enactment of section 627.736(6)(g) to serve a useful purpose. See Arnold v. Shumpert, 217 So. 2d 116, 119 (Fla. 1968). Indeed, the Florida Supreme Court has recognized that the legislative amendment in 2012 came "[i]n an apparent response to" its decision in Custer Medical Center v. United Automobile

5

Insurance Company, 62 So. 3d 1086 (Fla. 2010). Nunez, 117 So. 3d at 397.

While EUOs were not directly at issue in Custer, most reported county and

circuit court cases prior to the amendment of the statute applied Custer in

the EUO context finding that "[a]n EUO policy provision in the context of PIP

is not a condition precedent to coverage or recovery of PIP benefits." Id. at

392. The enactment of section 627.736(6)(g) directly addressed this issue

and plainly required compliance with the EUO policy provision as a "condition

precedent to receiving benefits"—meaning the insured's failure to submit to

an EUO bars receipt of PIP benefits.

Despite this direct legislative response, Miracle Health argues that the

policy's condition precedent is actually a condition subsequent because it is

an obligation which arises after the formation of the contract. This argument

ignores the basic principle that: "[u]nder well established contract law, a

condition precedent is a condition which calls for the performance of an act

after a contract is entered into, upon the performance or happening of which

its obligation to perform is made to depend." Univ. Hous. by Dayco Corp. v.

Foch, 221 So. 3d 701, 704 (Fla. 3d DCA 2017) (quoting Racing Props., L.P.

v. Baldwin, 885 So. 2d 881, 882–83 (Fla. 3d DCA 2004)). "A condition may

be either a condition precedent to the formation of a contract or a condition

precedent to performance under an existing contract." Id. (quoting Mitchell

6

v. DiMare, 936 So. 2d 1178, 1180 (Fla. 5th DCA 2006)). "Conditions precedent to an **obligation to perform** are those acts or events, which occur **subsequently to the making of a contract**, that must occur before there is a right to immediate performance and before there is a breach of contractual duty." Id. (quoting Land Co. of Osceola Cnty., LLC v. Genesis Concepts, Inc., 169 So. 3d 243, 247 (Fla. 4th DCA 2015)). Under the terms of the policy and statute, Progressive's obligation to perform, i.e., pay benefits, is made to depend upon the insured's performance, i.e., submitting to an EUO.

### *Harmonizing the PIP Statute*

Miracle Health contends that this plain language interpretation of the PIP statute runs afoul of this Court's pre-amendment holding in Amador v. United Automobile Insurance Company, 748 So. 2d 307 (Fla. 3d DCA 1999), and would fail to give effect to section 627.736(4)(b).

Section 627.736(4), entitled "PAYMENT OF BENEFITS" provides:

> Benefits due from an insurer under ss. 627.730-627.7405 . . . are due and payable as loss accrues upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued under ss. 627.730-627.7405.
> . . .
> (b) Personal injury protection insurance benefits paid pursuant to this section are overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.

7

We recognize that "[w]ithout a doubt, the purpose of the no-fault statutory scheme is to 'provide swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption.'" Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683–84 (Fla. 2000) (quoting Gov't Emps. Ins. Co. v. Gonzalez, 512 So. 2d 269, 271 (Fla. 3d DCA 1987)). As this Court explained in Amador and the Florida Supreme Court reaffirmed in United Automobile Insurance Company v. Rodriguez, 808 So. 2d 82 (Fla. 2001), "the insurer has thirty days in which to verify a claim and . . . the burden is clearly on the insurer to authenticate the claim within the statutory period." January v. State Farm Mut. Ins. Co., 838 So. 2d 604, 607 (Fla. 5th DCA 2003). The holding in Rodriguez, however, "confirms that an insurer is not automatically obligated to pay a claim when the thirty-day period has passed." Id. "[A]n insurer is subject to specific penalties once a payment becomes 'overdue'; the penalties include ten percent interest and attorneys' fees." Rodriguez, 808 So. 2d at 87; see §§ 627.736(4)(d), (8) Fla. Stat. "The legislative intent evinced in the penalty provisions is clear: The provisions were intended to promote the prompt resolution of PIP claims by imposing several reasonable penalties on insurers who pay late." Rodriguez, 808 So. 2d at 86.

> The PIP insurer is given thirty days to investigate and to either pay the claim or discover the facts that warrant a refusal to pay. If it does not do so then the claim is overdue and the statutory penalties for failing to pay the claim timely (interest and fees) are due. If the insurer fails to pay the claim, electing either to refuse the claim or to continue investigating, it is not barred from contesting the claims, but must pay the penalties once its duty to pay the claim is established.

January, 838 So. 2d at 607.

While we reiterate these clear principles in Amador, we find Amador is not applicable to the instant case. Our holding in Amador was limited. In determining whether the insured's failure to submit to an EUO was a bar to filing suit, "we [held] that, because of the special nature of, and protection afforded by, the PIP statute, upon expiration of the 30-day period, the insurer is itself in breach of the contract and may therefore, not deny an insured the right to access the courts for purposes of enforcing the PIP statute." Amador, 748 So. 2d at 309. We cannot, and do not, read Amador for the proposition that an insurer's failure to pay PIP benefits within thirty days thwarts its ability to investigate the claim or discover facts by discharging the insured's statutory obligation to comply with conditions precedent to receiving benefits.

"Because the Legislature does not intend to enact purposeless or useless laws, the primary rule of statutory interpretation is to harmonize related statutes so that each is given effect." Butler v. State, 838 So. 2d 554,

555–56 (Fla. 2003) (internal citation omitted). We "must give full effect to [the PIP] statutory provisions and construe related statutory provisions in harmony with one another." Knowles v. Beverly Enters.-Fla., Inc., 898 So. 2d 1, 6 (Fla. 2004) (citation omitted). We, therefore, conclude that the Legislature engaged in a meaningful balancing of interests when it amended the PIP statute enacting section 627.736(6)(g). The statutes may be harmonized so as to give effect to the importance of swift payments prescribed by the thirty-day provision and the penalties disincentivizing overdue payment of benefits meanwhile ensuring that insurers can investigate claims and discover facts by requiring insureds to comply with policy conditions precedent to receiving PIP benefits.

**CONCLUSION**

We conclude the trial court did not err in granting summary judgment as a matter of law. The plain language of section 627.736(6)(g) and Progressive's policy clearly and unambiguously require compliance with the policy provision of submitting to an examination under oath as a condition precedent to receiving PIP benefits. Accordingly, we affirm the trial court's judgment in favor of Progressive.

Affirmed.

10