936 So.2d 1178 (2006)
Grant MITCHELL and Mitchell Realty, Inc., Appellant,
v.
W. Frank DIMARE and K.S. Toney, etc., Appellee.
No. 5D05-1691.
District Court of Appeal of Florida, Fifth District.
August 25, 2006.
*1179 Sean P. Sheppard, of Sheppard & Sheppard, P.A., St. Augustine, for Appellant.
Robert L. McLeod, II, of the McLeod Firm, St. Augustine, for Appellee.
ORFINGER, J.
Grant Mitchell, a licensed real estate broker, joined by his firm, Mitchell Realty, Inc. (collectively "Mitchell"), procured a contract from AY Ventures, Inc. for the purchase of a parcel of real property owned by K.S. Toney, Trustee of the K.S. Toney Living Trust. The property, however, was subject to a right of first refusal in favor of W. Frank DiMare, who, upon being advised of the offer from AY Ventures, chose to exercise that right and closed on the property. Mitchell then filed suit seeking a commission. On summary judgment, the trial court concluded that Mitchell was not entitled to a commission. Mitchell appeals that ruling. We affirm.
In 2002, DiMare and Toney entered into a written agreement, that gave DiMare "a right of first refusal to purchase the [property]... [o]n the same terms and conditions as that contained in any Bona Fide Offer to purchase, received by and acceptable to Toney." Sometime thereafter, Toney entered into a brokerage agreement with Mitchell regarding the same property. The brokerage agreement provided "it is understood that a right of 1st refusal may be existing on the property."
Mitchell proceeded to market the property, resulting in a contract for the purchase of the property between Toney and AY Ventures. Relevant to this dispute, the Toney/AY Ventures contract provided:
18. ADDITIONAL TERMS
....
B. Parties acknowledge that there is a "1st right of refusal" currently on the property by another purchaser.

*1180 ....
E. Effective date will be when right of 1st refusal is rejected.
The contract also provided for a commission to be paid to Mitchell.
As he was required to do, Toney presented the AY Ventures contract to DiMare within the time provided for exercising the right of first refusal. DiMare elected to purchase the property on terms identical to the AY Ventures contract, except that no provision was made for any commission to Mitchell. After the DiMare/Toney transaction closed, Mitchell sued for a commission.
The brokerage agreement between Toney and Mitchell required Toney to pay a commission "[i]n the event the Property is sold, optioned, [or] contracted to be sold to [a] Prospect procured by [Mitchell]...." Mitchell claims that because he procured the AY Ventures contract that was accepted by Toney, he is entitled to a commission. We disagree because based on its plain language, no enforceable contract was formed between Toney and AY Ventures.
Mitchell's argument overlooks the fact that the AY Ventures/Toney agreement provided that it would become effective only when, and if, DiMare's right of first refusal was rejected. That never occurred, and, as a result, no binding contract was formed between Toney and AY Ventures. The condition was one precedent to the formation of the contract. A condition precedent is an act or event, other than a lapse of time, that must occur before a binding contract will arise. J. Calamari & J. Perrilo, Contracts, § 11-5 (3d ed. 1987); Restatement (Second) of Contracts § 250 (1981). A condition may be either a condition precedent to the formation of a contract or a condition precedent to performance under an existing contract. Calamari & Perrilo, supra. In the case of a condition precedent to formation, as here, the contract does not exist unless and until the condition occurs. In the case of a condition precedent to performance, a contract exists that may be enforced pursuant to its terms.
To avoid summary judgment, Mitchell points to the preprinted portion of the AY Ventures/Toney contract that provided "[t]he `Effective Date' of this Contract is the date on which the last of the parties initials or signs the latest offer." That provision, he argues, is inconsistent with the typed provision added by the parties, which states that the contract's effective date was the date on which the right of first refusal was rejected. That argument ignores the established rule that when written or typed provisions of a contract conflict with printed provisions, the written or typed terms ordinarily prevail if they cannot be reconciled. See Hurt v. Leatherby Ins. Co., 380 So.2d 432, 434 (Fla.1980); Allegheny Mut. Cas. Co. v. State, 176 So.2d 362, 365 (Fla. 2d DCA 1965). "The reason for the according of greater effect to the written or typed part as against the printed portion if they are inconsistent is that the written or typed words are the immediate language and terms selected by the parties themselves to express their meaning, while the printed form is intended for general use without reference to particular objects and aims." Allegheny Mut. Cas. Co., 176 So.2d at 365.
Here, no binding contract existed between Toney and AY Ventures because it plainly provided that the contract would not become effective unless the right of first refusal was rejected. Since that did not occur, Mitchell was not entitled to a commission under the brokerage agreement. Accordingly, we affirm the summary judgment. As a result, we need not *1181 address the remaining issues raised by the parties.
AFFIRMED.
PALMER and MONACO, JJ., concur.