994 So.2d 1239 (2008)
Jacqueline BROWER-EGER, Appellant,
v.
Lisa NOON, Appellee.
No. 4D07-2626.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
*1240 Craig A. Boudreau, West Palm Beach, for appellant.
James W. Beagle, Fort Lauderdale, for appellee.
MAY, J.
One of three plaintiffs appeals a judgment for attorney's fees, prejudgment interest, and court costs. She argues the trial court erred in awarding attorney's fees, pursuant to a demand for judgment that failed to allocate the settlement among the three plaintiffs sued in the counterclaim. We agree and reverse.
The defendant hired a partnership to remodel her kitchen. The partnership consisted of Alfred Eger and his wife, Jacqueline Brower-Eger.[1] The daughter of one of the partners worked as a helper on the project. When the work was nearly finished, the daughter stole two laptop computers from defendant's apartment. As a result, the defendant refused to pay the balance due for the remodeling and the partnership filed suit. The defendant counterclaimed against the partnership and the two partners for negligent hiring of the daughter.
The defendant served a demand for judgment, pursuant to section 768.79, Florida Statutes (2005). The demand provided that the defendant would accept $10,000 from the three plaintiffs. The demand was not accepted.
A bench trial resulted in a net judgment of $13,839.70 for the defendant. Following the bench trial, the defendant filed an amended motion for relief, pursuant to section 768.79 and Florida Rule of Civil Procedure 1.442. The motion also sought relief, pursuant to Florida Rule of Civil Procedure 1.380(c), for the plaintiffs' failure to admit the truth of matters asserted in a request for admissions. The motion requested costs, prejudgment interest, and attorney's fees. It is unclear whether the defendant noticed the then pro se plaintiffs, but they did not appear at the hearing.
The trial court granted the defendant's motion and awarded $1,305.95 in costs, $3,474.71 in pre-judgment interest, and $14,780 in attorney's fees. The judgment was silent on the legal basis for the attorney's fee award.
The standard of review in determining whether an offer of settlement *1241 comports with rule 1.442 and section 768.79 is de novo because a proposal for settlement is in the nature of a contract. Papouras v. BellSouth Telecomm., Inc., 940 So.2d 479, 480 (Fla. 4th DCA 2006); Hall v. Lexington Ins. Co., 895 So.2d 1161, 1165 (Fla. 4th DCA 2005).
Section 768.79 governs offers of and demands for judgment. This section authorizes an award of attorney's fees as a sanction against a party who unreasonably rejects a reasonable offer made in good faith. Sarkis v. Allstate Ins. Co., 863 So.2d 210, 222 (Fla.2003); Attorneys' Title Ins. Fund Inc. v. Gorka, 989 So.2d 1210, 1213 (Fla. 2d DCA 2008). Rule 1.442 of the Florida Rules of Civil Procedure requires particularity in the contents of the proposal and strict compliance with the rule. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1078 (Fla.2006).
The defendant made a demand to settle the case to three parties, the partnership and its two partners. The demand provided that the defendant would accept $10,000 to settle the counterclaim. The plaintiffs argue that the offer was defective because it did not allocate the demand among the three plaintiffs. The defendant responds that requiring apportionment of a demand among partners undermines the joint and several liability of partners statutorily imposed by section 620.8306(1), Florida Statutes (2005). While novel, we hold that the demand was fatally flawed.
Florida Rule of Civil Procedure 1.442(c)(3) provides that "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." The language of rule 1.442 must be strictly construed because it is in derogation of the common law rule that each party pay their own fees. See Campbell v. Goldman, 959 So.2d 223, 226 (Fla.2007); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
Our supreme court has rejected any deviation from the strict requirements of the statute and rule. When an offer is made to or from two or more parties, it must specify the amount attributable to each of them. Lamb v. Matetzschk, 906 So.2d 1037, 1040-41 (Fla.2005); Willis Shaw Express Inc., 849 So.2d at 279; Allstate Indem. Co. v. Hingson, 808 So.2d 197, 199 (Fla.2002). The offer in this case failed to do so and is therefore invalid as the basis for an award of attorney's fees.[2] The judgment is therefore reversed.
Reversed.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Only one of the partners, Jacqueline Brower-Eger, has appealed the judgment.
[2] There is no indication that the trial court relied upon rule 1.380 of the Florida Rules of Civil Procedure as an alternative basis for awarding attorney's fees. We note that the lack of findings as to the reasonable expenses incurred in proving a fact not admitted would also render this provision an invalid basis upon which to award fees.