PER CURIAM.
This is an appeal from a final judgment awarding attorney’s fees and costs to the Appellee, Hyundai Motor America, Inc., pursuant to section 768.79, Florida Statutes and Florida Rule of Civil Procedure 1.442.The Appellant, Daila Cano, contends that the award was improper because Hyundai’s joint settlement offer failed to satisfy section 768.79 and rule 1.442’s apportionment requirement. We agree and reverse.
Daila Cano and Guillermo Cano purchased from Hyundai a 2000 Hyundai Accent. After taking possession of the car, the Canos experienced various operating defects. Due to these defects, the Canos brought a claim against Hyundai for breach of express and implied warranty, as well as for revocation of acceptance.
Before trial, Hyundai, pursuant to section 768.79 and rule 1.442, offered the Ca-nos a joint proposal for settlement. The proposed settlement failed to specify the amount and terms attributable to each party. The Canos did not accept the proposed settlement. The case proceeded to trial, at which time Guillermo Cano was dropped as a Plaintiff. The jury found in favor of Hyundai. Hyundai subsequently filed a motion for an award of attorney’s fees pursuant to section 768.79 and rule 1.442.The trial court granted this motion. Daila responded by filing a motion for rehearing and reconsideration of the order granting Hyundai attorney’s fees and costs. Daila alleged that the proposed settlement failed to meet the requirements of section 768.79 and rule 1.442 and, as such, could not serve as a basis for the award of attorney’s fees and costs. The trial court denied the motion, stating that although the proposal failed to specify the amount and terms attributable to each plaintiff, the proposal was nevertheless valid because the Canos’ claims were indistinguishable. Thereafter, the trial court entered a final judgment awarding attorney’s fees and costs to Hyundai.
Section 768.79 and rule 1.442 are strictly construed because they are “in derogation of the common law rule that each party pay their own fees.” Brower-Eger v. Noon, 994 So.2d 1239, 1241 (Fla. 4th DCA 2008). In determining “whether an offer of settlement comports with rule 1.442 and section 768.79,” an appellate court uses the de novo standard of review “because a proposal for settlement is in the nature of a contract.” Id. at 1240-41.
Section 768.79, in governing “offers of and demands for judgment .... authorizes an award of attorney’s fees as a sanction against a party who unreasonably rejects a reasonable offer made in good faith.” Id. at 1241. Working in conjunction with section 768.79, “[r]ule 1.442 of the Florida Rules of Civil Procedure requires particularity in the contents of the proposal and strict compliance with the rule.” Id. If a proposed settlement does not comport with the strict requirements of rule 1.442,an award of attorney’s fees and costs pursuant to 768.79 is improper. See id.
One of the particularity requirements of rule 1.442 is found in subsection (c)(3), which provides that “[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.” Fla. R. Civ. P. 1.442(c)(3). Because “[o]ur supreme court has rejected any deviation from the strict requirements of [section 768.79] and rule [1.442],” a settlement “offer [ ] made to or from two or more parties ... must specify the amount attributable to each of them.” Brower-Eger, 994 So.2d at 1241 (citing Lamb v. Matetzschk, 906 So.2d 1037, 1040-41 (Fla.2005)). Rule *411 1.442(c)(3) is also a “bright line rule” and, “applies in all proposal for settlement cases, without exception.” Graham v. Yeskel, 928 So.2d 371, 373 (Fla. 4th DCA 2006).
In this case, at the time the Hyundai proposal was given, there were two plaintiffs, Daila Cano and Guillermo Cano. The proposal, however, failed to specify the amount attributable to each party. Given the bright line application of rule 1.442, we reverse the award of attorney’s fees and costs against Daila because the joint proposal failed to meet rule 1.442’s strict requirement of specifying the amount attributable to each party. Although the claims of the Canos were indistinguishable, it does not change the outcome. This is because the rule requiring apportionment between multiple parties applies “without exception” in “ ‘all proposals for settlement authorized by Florida law.’ ” Graham, 928 So.2d at 373 (quoting Fla. R. Civ. P. 1.442(a)).

Reversed.

POLEN and CIKLIN, JJ., concur.
HAZOURI, J., concurs specially with opinion.