DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAND COMPANY OF OSCEOLA COUNTY, LLC,**
Appellant,

v.

**GENESIS CONCEPTS, INC.,**
Appellee.

No. 4D14-0879

[July 1, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 502011CA005427XX.

Adam J. Hodkin and David W. Rodstein of Padula Hodkin, PLLC, Boca Raton, for appellant.

Glenn J. Webber of Glenn J. Webber, P.A., Stuart, for appellee.

PER CURIAM.

Appellant, Land Company of Osceola County, LLC, appeals the trial court's entry of final judgment in favor of Appellee, Genesis Concepts, Inc., awarding Genesis $85,000 in damages for services provided to Land Company on a theory of quantum meruit. Land Company argues that the trial court erred in entering a judgment in quantum meruit because the parties had entered into a valid express contract which covered the same services performed. We agree, and reverse the final judgment. Because an express contract existed between the parties, Genesis's recovery in quantum meruit was inappropriate.

In 2009, Land Company was in the planning phase of a real estate development project known as the City of Destiny and sought Genesis's services in order to obtain governmental approval of the project. After discussions with Land Company, Genesis drafted and submitted a Letter of Agreement. The Letter of Agreement described the scope of Genesis's services as a series of steps:

Step 1:  Analyze base data and review existing concept plan and planning principles, research comparative iconic structures and develop story line and begin sketch selection.

Step 2:  Prepare preliminary sketches based on approved story line strategy.

Step 3:  Prepare final vision rendering.

Step 4:  Additional services.

The fees associated with each step were next listed at $25,000, $25,000, and $35,000 respectively for the first three steps, with any additional services to be provided at an hourly rate upon request.  Following this specific designation of fees for each step, the Letter of Agreement then stated the following in regard to the payment of fees for Step 1:

Payment for fees for Step 1:
*$25,000 will work as a retainer prior to the start of work.* The remaining payment for each step shall be due within 20 days of receipt of Genesis Concepts invoice upon completion of the step.  Invoices will be rendered between the 1st and 10th day of each month.  The Client agrees to pay when due that portion of an invoice not in dispute.

(emphasis added).  The Letter of Agreement concluded with the following paragraph:

ACCEPTANCE.  Please understand that this proposal will be valid for 30 days from the date of this letter.  If this proposal meets with your approval, please execute both copies and return one copy to us for our files.

The Letter of Agreement was approved, accepted, and signed by representatives of both parties.  The same day, an invoice was submitted to Land Company for payment of the $25,000 retainer fee.  Despite executing the Letter of Agreement, however, Land Company did not pay the $25,000 retainer.  Nevertheless, Genesis performed all of the work contemplated by the agreement.  Though Genesis submitted invoices to Land Company for the progress payments pursuant to the agreement, totaling $85,000, Land Company made no payments to Genesis for the work it completed.

Though the record on appeal does not include the initial complaint or

2

any amended complaints, review of the transcript of Genesis's opening statement during the nonjury trial reveals that Genesis's complaint initially asserted two causes of action, breach of contract and quantum meruit. It further appears from the opening statement, arguments presented at trial, and the joint pretrial statement, that Genesis abandoned its breach of contract claim and proceeded to trial only on a theory of quantum meruit. The theory of quantum meruit was premised on the assertion that a condition precedent to the formation of a contract was not met; therefore, no contract was created.[1]

At the non-jury trial, the president of Genesis was the only witness to testify. He testified that all of the work contemplated by the Letter of Agreement had been performed, but that Land Company had not paid the retainer fee or any of the other progress payments totaling $85,000. He explained that Genesis began working on the project even without being paid because he expected payment pursuant to the contract, and expected a future contract for additional work on the project.

In support of its theory for recovery under quantum meruit, counsel for Genesis argued to the trial court that the payment of the $25,000 retainer fee was a condition precedent to the contract, and that because the retainer fee was not paid within the thirty days provided for by the Letter of Agreement and prior to the commencement of the work, the contract never came into fruition. Thus, Genesis argued that it was entitled to recovery under quantum meruit because it had provided Land Company with its services, and Genesis was never told to stop working or that its work was unauthorized.

Counsel for Land Company also agreed that the $25,000 retainer fee was a condition precedent, but maintained that a contract had indeed been formed between the parties. Specifically, Land Company argued that the Letter of Agreement was a contract executed by the parties, and that the retainer fee was a condition precedent to Genesis's *performance*, and not a condition precedent to the contract *formation*. As such, Land Company asserted that the parties had entered into an express contract, and that because there was an express contract, Genesis could not recover under quantum meruit.

In awarding damages based on quantum meruit, the trial court did not make an express ruling with regard to whether the retainer fee constituted

---

[1] Genesis's brief argues only that recovery is appropriate under quantum meruit and does not seek recovery under an express contract. The record does not reflect why Genesis abandoned its contract claim.

a condition precedent to Genesis's performance versus contract formation. In announcing its reasoning for deciding in favor of Genesis, the trial court said nothing about the retainer fee. However, the trial court announced its reasoning as follows:

> It's clear that the work was done, that it was requested by [Land Company], that [Genesis] presented the work, and the amount requested for the work was $85,000. The contractual claim has been waived, therefore, the only claim being made at this time was for quantum meruit. I find based upon the uncontroverted testimony that $85,000 is an appropriate amount to be awarded with prejudgment interest.

Subsequently, a final judgment in favor of Genesis was entered.

Quantum meruit "provide[s] a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation." *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997) (en banc). However, it is well settled that proof of an express contract covering the services in question precludes relief in quantum meruit because the law will not imply a contract where a valid express contract exists. *See, eg., Harding Realty, Inc. v. Turnberry Towers Corp.*, 436 So. 2d 983 (Fla. 3d DCA 1983); *Garcia v. Cosicher*, 504 So. 2d 462, 463, n.2 (Fla. 3d DCA 1983). Thus, we must first decide if there was a valid express contract between the parties. Whether a valid express contract was formed depends on whether the retainer fee was a condition precedent to the *formation* of the contract or *performance* under the contract.

On appeal, we review the interpretation of a written contract *de novo*. *Command Sec. Corp. v. Moffa*, 84 So. 3d 1097, 1099 (Fla. 4th DCA 2012) (quoting *Gilman Yacht Sales, Inc. v. FMB Invs., Inc.,* 766 So. 2d 294, 296 (Fla. 4th DCA 2000)).

"A condition precedent is an act or event, other than a lapse of time, that must occur before a binding contract will arise." *Mitchell v. DiMare*, 936 So. 2d 1178, 1180 (Fla. 5th DCA 2006) (citing J. Calamari & J. Perrilo, *Contracts,* § 11-5 (3d ed. 1987); Restatement (Second) of Contracts § 250 (1981)). "A condition may be either a condition precedent to the *formation of a contract* or a condition precedent to *performance under an existing contract.*" *Id.* (emphasis added). "In the case of a condition precedent to *formation, . . .* the contract does not exist unless and until the condition occurs." *Id.* (emphasis added). Thus, "[n]o binding contract is formed when a condition precedent to its formation never occurs." *Surgical*

4

*Partners, LLC v. Choi*, 100 So. 3d 1267, 1269 (Fla. 4th DCA 2012). On the other hand, "[i]n the case of a condition precedent to *performance, a contract exists that may be enforced pursuant to its terms.*" *Mitchell*, 936 So. 2d at 1180 (emphasis added).

Generally, "conditions precedent are not favored, and the courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication." *Reilly v. Reilly*, 94 So. 3d 693, 697 (Fla. 4th DCA 2012) (internal quotations omitted). In regards to conditions precedent to performance, we have previously explained:

> *Conditions precedent to an **obligation to perform** are those acts or events, which occur **subsequently to the making of a contract**, that must occur before there is a right to immediate performance and before there is a breach of contractual duty.*

*Id.* (emphasis added) (quoting *Chipman v. Chipman,* 975 So. 2d 603, 607 (Fla. 4th DCA 2008)).

An enforceable contract, requires "an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *W. Constr., Inc. v. Fla. Blacktop, Inc.*, 88 So. 3d 301, 304 (Fla. 4th DCA 2012) (quoting *Savoca Masonry Co., v. Homes & Son Constr. Co.,* 542 P.2d 817, 819 (Ariz. 1975)). Here, Genesis's Letter of Agreement contained its offer to provide particular bargained-for services to Land Company. In addition, it provided Land Company a specific means of acceptance under a section entitled, "ACCEPTANCE," which stated:

> ACCEPTANCE. Please understand that this proposal will be valid for 30 days from the date of this letter. If this proposal meets with your approval, please execute both copies and return one copy to us for our files.

A plain reading of this language indicates that it specifies the time frame within which Land Company could accept the offer, "30 days from the date of this letter." The second sentence then defines the means by which Land Company could accept the offer, *i.e.,* by executing the copies of the letter. Immediately beneath the section entitled "ACCEPTANCE" in the Letter of Agreement are the words, "APPROVED AND ACCEPTED THIS DAY of May 12, 2009," followed by the signatures of officers from both Genesis and Land Company. There being no evidence to the contrary, the Letter of Agreement admitted into evidence reflects

that Land Company accepted Genesis's written offer within the time frame and in the manner specified in the offer. Accordingly, at that point, an enforceable contract was formed between the parties.

The Letter of Agreement does not contain any limiting language or clauses with respect to conditioning the *formation* of the contract on the payment of the retainer fee. As Land Company argues, the retainer sentence, stating "$25,000 will work as a retainer *prior to the start of work*," appears towards the end of a long section pertaining to "payment of fees" associated with each step of the work to be completed and providing the due dates of the payments for each step. Thus, the retainer provision was a description of Land Company's payment obligation as a condition to Genesis *beginning its work*. We note that while the retainer section was not a condition precedent to the contract's validity, it could have been a means for Genesis to demand payment of the retainer prior to beginning work on the basis that the retainer was a condition precedent to Genesis's *performance*. Apart from that, however, the Letter of Agreement contained no clear conditional language or any indication that the contract would go into effect on any other date than on the date it was executed. Significantly, the Letter of Agreement did *not* require that the retainer fee be paid within thirty days of the letter. Rather, the letter allowed thirty days for Land Company to *accept* its proposal by executing it, which it did. Accordingly, the Letter of Agreement did not set forth a time frame for the payment of the retainer fee, merely that payment of the fee would be required "prior to the start of work." As such, a plain reading of the Letter of Agreement reflects that any conditionality in connection with the retainer fee conditioned only Genesis's *performance* on Land Company's payment of the retainer fee, and not the formation of the contractual agreement itself.

We also determine that the plain language of the Letter of Agreement is not susceptible to more than one meaning. "When a contract's terms are not susceptible to more than one meaning, a court may not indulge in interpretation or resort to extrinsic evidence." *Vocelle & Berg, LLP v. IMG Citrus, Inc.*, 125 So. 3d 843, 844 (Fla. 4th DCA 2013). Nevertheless, we note that the evidence presented at trial also supports the conclusion that the contract was valid and binding between the parties. As discussed above, Genesis's president testified to the contract he entered into with Land Company, and explained that Genesis began working on the project even without being paid because he expected payment *pursuant to the contract*, and even expected a future contract for additional work on the project. Moreover, no evidence was presented to suggest that the president was under the impression that no contract had been formed due to Land Company's non-payment of the retainer fee. Nor did he testify that the

retainer provision was understood or intended to be a condition precedent to the formation of the contract. On the contrary, his testimony reflected that Genesis performed under the contract because it expected to be paid per the contract. Likewise, the invoices submitted by Genesis all tracked the language of the contract's scope and amount of contractual payments.

Thus, we hold that the parties entered into an express contract, and the provision regarding the retainer fee did not create a condition precedent to the formation of the contract, but rather conditioned only Genesis's *performance* on Land Company's payment of the retainer fee. Because an express contract existed between the parties, Genesis's recovery in quantum meruit was inappropriate. We therefore reverse the final judgment and remand for the trial court to enter a judgment in favor of Land Company.

*Reversed and remanded.*

DAMOORGIAN, CONNER and FORST, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**