DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RANDY POSTMA** and **CARY, LLC,**
Appellants,

v.

**CHRISTOPHER BAKER, PATRICIA BAKER**
and **TRICIA'S PLACE, LLC,**
Appellees.

No. 4D18-3232

[July 31, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 062017CA008716AXXXCE.

John J. Shahady of Shahady & Wurtenberger P.A., Fort Lauderdale, for appellants.

Eric J. Horbey of Lazer, Aptheker, Rosella & Yedid, P.C., West Palm Beach, for appellees.

KUNTZ, J.

In this appeal, we must interpret language in a settlement agreement allowing a party to inspect a vehicle to "make sure the vehicle is to his satisfaction." The appellant, who had the right to inspect, argues the provision allowed him to inspect the vehicle and determine whether he was satisfied before purchasing the vehicle. The circuit court disagreed. We reverse.

### *Background*

In 2014, Christopher Baker, Patricia Baker, and Tricia's Place LLC bought a 2003 Marathon Prevost, a motorcoach, from Randy Postma and Cary LLC for $365,000.[1] The Bakers allege that when they purchased the motorcoach, Postma stated that it had never been "wrecked."

---

[1] We call the appellants Postma, and the appellees the Bakers.

Later, the Bakers learned that the motorcoach had been in an accident and had been issued a salvage title. As a result, the Bakers filed a lawsuit, alleging that Postma knew of the accident and misrepresented the motorcoach's condition.

At mediation, the parties signed a confidential settlement agreement. The handwritten agreement stated that Postma would pay $315,000 to repurchase the motorcoach. It also included a provision allowing Postma to inspect the motorcoach:

> Prior to purchase, Postma has the right to inspect the vehicle and make sure the vehicle is to his satisfaction. Inspection will take place within 30 days.

Weeks later, the Bakers moved to enforce the agreement, arguing that Postma inspected the motorcoach after the mediation and told them it "was in very good condition." They also explained that they understood the settlement agreement to mean that Postma was "to come out and see the conditions of [the motorcoach] and make sure it wasn't damaged or wrecked or dented."

Postma explained that he sold the motorcoach to the Bakers in 2014, when it had 76,000 miles on it. At mediation, he learned that the Bakers had driven the motorcoach 40,000 additional miles since they bought it from him. So he agreed to purchase the motorcoach subject to his right to inspect it. At the inspection, Postma allegedly found many issues and declined to complete the purchase.

The circuit court granted the Bakers' motion to enforce settlement. The court noted that the parties entered into a voluntary settlement early in the litigation. The court found that Postma "ask[ed] the Court to interpret 'to his satisfaction' as completely discretionary with [Postma]. Such an interpretation," the court found, "would render the settlement agreement completely illusory." The court held the Bakers complied with the settlement agreement and granted their motion to enforce it.

### *Analysis*

Postma argues the court erred in concluding the inspection clause in the settlement agreement was not a condition precedent to enforcing the agreement. The Bakers respond that the inspection clause was limited to confirming the representations the Bakers made about the motorcoach at mediation. We agree with Postma and reverse.

The Bakers state that "[n]owhere do Appellants present any evidence that demonstrates that the trial court's determination as to the meaning of the inspection clause was clearly erroneous," and argue that we should affirm unless the circuit court's ruling was clearly erroneous. But "settlement agreements are contractual in nature, [and] are interpreted and governed by contract law." *Barone v. Rogers*, 930 So. 2d 761, 763–64 (Fla. 4th DCA 2006) (citation omitted). So, as with contracts, our review is de novo. *Renny v. Bertoloti*, 252 So. 3d 761, 765 (Fla. 4th DCA 2018) (citation omitted).

If the language of a settlement agreement is clear and unambiguous, "courts may not indulge in construction or modification and the express terms of the settlement agreement control." *Commercial Capital Res., LLC v. Giovannetti*, 955 So. 2d 1151, 1153 (Fla. 3d DCA 2007) (quoting *Sec. Ins. Co. of Hartford v. Puig*, 728 So. 2d 292, 294 (Fla. 3d DCA 1999)).

The Bakers argue that the language allowing Postma to inspect the vehicle to "make sure the vehicle is to his satisfaction" did not allow him to reject the vehicle based on his "dissatisfaction."

But their argument is contrary to the clear and unambiguous language. The settlement agreement allowed Postma the right to inspect the motorcoach to "make sure the vehicle is to his satisfaction." This provision created a condition precedent to Postma's obligation to repurchase the motorcoach. *See, e.g.*, *Land Co. of Osceola Cty., LLC v. Genesis Concepts, Inc.*, 169 So. 3d 243, 247 (Fla. 4th DCA 2015) (citations omitted).

Alternatively, the Bakers argue that even if Postma could reject the motorcoach based on dissatisfaction, the rejection needed to be "'genuine' and in 'good faith.'" *See, e.g.*, *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1014 (S.D. Fla. 1992) ("Florida would conclude . . . that 'a party vested with contractual discretion must exercise that discretion reasonably and with proper motive, and may not do so arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties.'" (quoting *Dayan v. McDonald's Corp.*, 466 N.E.2d 958, 972 (Ill. App. Ct. 1984))).

But we need not decide that issue, as the circuit court did not conclude Postma failed to act in good faith. Instead, the court found the inspection was limited to confirming the Bakers accurately described the condition of the motorcoach at mediation.

Postma exercised his right to inspect and determined the motorcoach was not to his satisfaction. Because he determined it was not to his

3

satisfaction, he did not breach the agreement and the court erred in granting the motion to enforce.

## *Conclusion*

The court's order enforcing the settlement agreement is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

4