# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2428
Lower Tribunal No. 18-16745
_____

### People's Trust Insurance Company,
Appellant,

vs.

### Karla Soto Espana and Rosalinda Soto,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Cole, Scott & Kissane, P.A., and Mark D. Tinker, and Mary Lou Cuellar-Stilo (Tampa); Brett Frankel and Jonathan Sabghir (Deerfield Beach), for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman; Legal Armor- The People's Law Firm, and Alian M. Perez, for appellees.

Before EMAS, C.J., and LINDSEY, and BOKOR, JJ.

LINDSEY, J.

People's Trust Insurance Company appeals from a final order granting Appellees Karla Soto Espana and Rosalindo Soto's (the "Insureds") motion to enforce payment of an appraisal award and entering judgment in the amount of $25,454.44. Because People's Trust did not fail to comply with any conditions precedent necessary for the formation of a repair contract, we reverse.

## I.      BACKGROUND

In September 2017, the Insureds reported a loss due to damage to their home caused by Hurricane Irma. The Insureds' policy contained a Preferred Contractor Endorsement, which the Insureds agreed to in exchange for a premium credit. Pursuant to the Endorsement, the Insureds agreed "that in the event of a covered loss . . . [People's Trust] at our option may elect Rapid Response Team, LLC™ to repair 'your' damaged property as provided by the policy and its endorsements." The Endorsement further explains that "[w]hen [People's Trust has] exercised our option to repair 'your' damaged property pursuant to this Preferred Contractor Endorsement, [People's Trust] will repair the damaged property with material of like kind and quality without deduction for appreciation. *Such repair is in lieu of issuing any loss payment that would otherwise be due under the policy.*" (Emphasis added).

2

In October 2017, People's Trust accepted coverage and exercised its option to repair pursuant to the Endorsement. The Insureds sent People's Trust a Sworn Proof of Loss and agreed that "[p]ursuant to the terms of the policy, [the Insureds are] willing to proceed with People's Trust's option to repair [the] property and all covered damages." However, a dispute arose as to the scope of repairs.

The Endorsement contains the following "Appraisal" provision in the event the parties disagree on the amount of loss and scope of repairs:

> **S. Appraisal,** the following is added to the policy:
>
> Where [People's Trust] elect[s] to repair:
>
> 1.      If [the Insureds] or [People's Trust] fail to agree on the amount of loss, which includes the scope of repairs, either may demand an appraisal as to the amount of loss and the scope of repairs. . . .
>
> 2.      The scope of repairs shall establish the work to be performed and completed by Rapid Response Team, LLC™. Such repair is in lieu of issuing any loss payment to [the Insureds] that otherwise would be due under the policy. . . .

Pursuant to the above provision, People's Trust demanded appraisal in March 2018. The Insureds did not respond and instead sued People's Trust for breach of contract in May 2018 based on People's Trust's failure to "(i) provide coverage for the entire covered Loss; (ii) acknowledge that

3

payment for the entire Loss would be forthcoming; and/or (iii) make payment of insurance proceeds for the entire Loss to the Insured."

People's Trust again sought appraisal by filing a "Motion to Dismiss and to Compel Appraisal, Deductible Payment, Work Authorization, and Repairs[.]" In response, the Insureds argued that the dispute over the scope of repairs was actually a coverage dispute, and therefore, the trial court should resolve the dispute.[1] The Insureds also argued that People's Trust could not enforce the Endorsement because it breached conditions precedent by failing to provide the Insureds with documentation of Rapid Response's current licensure, current workers' compensation insurance, and commercial general liability coverage.

The trial court denied People's Trust's motion to dismiss and granted its motion to compel appraisal.[2] Both parties participated in the appraisal

---

[1] The trial court correctly rejected this argument. See Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) ("Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs. Thus, the question of what repairs are needed to restore a piece of covered property is a question relating to the amount of 'loss' and not coverage." (citing Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1025 (Fla. 2002))).

[2] In ordering appraisal, the trial court necessarily determined the Endorsement was enforceable because the appraisal procedure is set forth in the Endorsement.

4

process, and the appraisal panel determined the replacement cost, reflecting the "scope of repairs" to be $24,703.45, an amount higher than either party's estimate.

Despite the fact that appraisal was conducted pursuant to the Endorsement, and the appraisal award explicitly determined the "scope of repairs," the Insureds filed a motion to enforce *payment* of the appraisal amount. The Insureds sought payment under the "Loss Payment" provision in the policy, even though the Endorsement explained that loss payment was unavailable once People's Trust elected its option to repair. The Insureds again argued that People's Trust could not enforce the Endorsement because it breached the same conditions precedent the Insureds relied on in their response to the motion to compel arbitration (failure to provide documentation of current licensure, current workers' compensation insurance, and commercial general liability coverage).

Following a hearing, the trial court entered an order granting the Insureds' motion to enforce payment of the appraisal award in the amount of $25,454.44, the appraisal award plus prejudgment interest.[3] People's Trust appealed.

---

[3] In their one-count Complaint, which was never amended, the Insureds sought damages for breach of contract. The trial court's order did not adjudicate the breach claim set forth in the Complaint nor did it enter a

5

## II.    ANALYSIS

We review the trial court's construction of the insurance policy de novo. Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 911 n.13 (Fla. 3d DCA 2019) (quoting Barnier v. Rainey, 890 So. 2d 357, 359 (Fla. 1st DCA 2004)).

The issue before us involves a straightforward interpretation of the Endorsement.  As this Court has previously explained, "[t]he election-to-repair endorsement has been an established option for various Florida residential insurance policy forms for several years. The legal features of the endorsement have been analyzed repeatedly by Florida's appellate courts. The new contract formed between the insurer's preferred and designated contractor under such an endorsement and the insured has been termed a 'Drew agreement,' a reference to Drew v. Mobile USA Ins. Co., 920 So. 2d 832 (Fla. 4th DCA 2006)."  People's Tr. Ins. Co. v. Franco, 305 So. 3d 579, 582 (Fla. 3d DCA 2020).

On appeal, the Insureds argue there was no formation of a Drew agreement because People's Trust failed to comply with certain conditions precedent.  Specifically, the Insureds rely on a section in the Endorsement

---

judgment.  In response to an order to show cause why the appeal should not be dismissed for lack of jurisdiction, the parties filed an order entering final judgment.

6

setting forth People's Trust's duties after loss, which provides, in pertinent part, as follows:

> **T. Our Duties After Loss**, the following section is added to the policy:
>
> [People's Trust's] duties after loss pertaining to commencement and performance of repairs are as follows:
>
> 1. [People's Trust] will instruct [Rapid Response] to furnish [the Insureds] with written documentation of current licensure . . . .
>
> 2. [People's Trust] will instruct [Rapid Response] to furnish [the Insureds] with written documentation of current workers' compensation insurance and commercial general liability coverage . . . .
>
> [People's Trust] may, at "our" option, assist [Rapid Response] by providing the documentation.

Nothing in the above section indicates that these duties are conditions precedent to the formation of the Drew agreement. See Mitchell v. DiMare, 936 So. 2d 1178, 1180 (Fla. 5th DCA 2006) ("A condition precedent is an act or event, other than a lapse of time, that must occur before a binding contract will arise." (citations omitted)). In fact, under the plain language of this section, these duties, which pertain to the "commencement and performance of repairs," are added to the policy only after People's Trust selects its option to repair under the Endorsement.

Moreover, there are no conditions in the portion of the Endorsement setting forth People's Trust's option to elect to make repairs, which simply provides as follows: "THIS ENDORSEMENT ALLOWS US AT OUR OPTION TO SELECT RAPID RESPONSE TEAM, LLC™ TO MAKE COVERED REPAIRS TO YOUR DWELLING OR OTHER STRUCTURES." In short, all that is needed for the Endorsement to apply is for People's Trust to exercise its option to repair. Under Florida law, this creates a new, binding contract pursuant to the terms in the Endorsement. See Drew, 920 So. 2d at 835 ("[W]hen the insurer makes its election to repair, that election is binding upon the insured and **creates a new contract** under which the insurer is bound . . . ." (quoting Travelers Indem. Co. v. Parkman, 300 So. 2d 284, 285 (Fla. 4th DCA 1974))); see also Allstate Fire & Cas. Ins. Co. v. Hradecky, 208 So. 3d 184, 187 (Fla. 3d DCA 2016) ("The law in Florida is clear that to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls.").

Because People's Trust's duties under the Endorsement to provide certain documentation are not conditions precedent to the *formation* of the repair contract, there was no basis for the Insureds' underlying breach of contract action. Consequently, the appraisal award, which determined the

"scope of repairs," should not have been transformed into a loss payment.[4]

We therefore reverse and remand for proceedings consistent with the terms

of the Endorsement.

Reversed and remanded

---

[4] The appraisal award was not a damages determination either. See Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d 1226, 1227 n.1 (Fla. 3d DCA 2013) ("'Appraisal award' is really a misnomer because the appraisal panel only determines the amount of loss, not an insured's entitlement to any damages, prominently including coverage issues such as whether the loss falls within the insuring clause of the policy, and whether the loss was caused by a covered peril.").